# RUTLAND ELECTRIC LIGHT CO.

v.

# HARRY M. BATES.

OCTOBER TERM, 1895.

*Director of corporation accountable for profits and commissions.   Burden of proof. ' Conversion of promissory note by treasurer.*

1.  A corporation may, upon discovering the fact, compel one of its directors to account for any profit or commission which he has made upon a contract with the corporation.

2.  The defendant, being a director, treasurer and manager of the plaintiff corporation, induced it to contract with the T.-H. Co. for certain materials, upon the understanding that the defendant and two other directors were to be paid a commission.   Upon settlement with the T.-H. Co., to conceal the fraud, the defendant transferred to it an amount of the orator's capital stock equal to the commission, charged himself with the par value of the stock and credited himself with the full amount of the bill of the T.-H. Co.   That company then re-transferred the stock to the defendant and the other two directors.   The stock was then worth par. *Held*, that the defendant was individually liable for the whole commission.

3.  The defendant, as treasurer of the orator, took two promissory notes, payable to the orator, in payment for an amount of its capital stock.   The notes never were paid and the stock never was issued.   Upon ceasing to be treasurer the defendant refused to pass over the notes, saying that they had never belonged to the orator, and that he did not know where they were.   *Held*, that this amounted to a conversion of the notes, and that the defendant should account for their value.

4. The defendant procured the orator to make a contract for certain construction work with one W., upon an agreement with W. that the defendant and certain other directors should execute the contract, and the defendant as treasurer paid himself therefor. *Held*, that he should stand charged with the full amount paid, that this amount might be reduced by what the work was reasonably worth to the orator, not exceeding its cost, but that the burden was upon the defendant to show what this was.

Bill in equity. Heard at the March term, 1895, Rutland county, upon the pleadings, a master's report and exceptions thereto. THOMPSON, Chancellor, dismissed the bill *pro forma*. The orator appeals.

The orator sought to compel the defendant to account in various respects for his administration as a director and as its treasurer and general manager.

The master found that during the time covered by the transactions in suit the defendant was a director of the orator and also its treasurer and general manager,

Most of the items involved were disposed of by the report of the master, only three of them being litigated in the Supreme Court.

I. The master allowed the orator $3,006.25, as commission upon the Thompson-Houston contract. In respect to this item the following facts were found :

The defendant proposed to the Thompson-Houston Electric Co. to purchase of it certain apparatus for the orator. One Wing was the agent of the Thompson-Houston Co. Wing proposed to allow the orator a discount of 33 per cent. from the list prices. Thereupon the defendant said to Wing that he and two other directors ought to have something out of the transaction, and the Thompson-Houston Co. must allow them a commission in addition to the discount allowed the orator.

This Wing refused to do, but it was subsequently arranged that the defendant and his co-directors should be paid a commission of 25 per cent., and that the orator should be allowed

a discount of 10 per cent.  For the purpose of covering up this transaction Wing then subscribed for $4,000 par value of the capital stock of the orator.  When settlement was made for the apparatus this stock was issued to Wing, the Thompson-Houston Co. gave the orator credit for $4,000 by way of this stock, the defendant and his fellow directors gave the Thompson-Houston Co. their note for the difference between $4,000 and the amount of the commission, and Wing transferred the stock, a portion to the defendant and his father under the firm name of  A. C. Bates & Son, and a portion to one Abraham.  Abraham and A. C. Bates were the two directors who were to share in the commission.  The defendant, as treasurer, charged himself with $4,000 received from the sale of the stock, and credited himself with the full amount of the bill of the Thompson-Houston Co.  The stock was at that time worth par.

II.  The master allowed the orator for the amount of two promissory notes, one signed by Dr. Hanrahan and another by Valiquette and Abraham.  The facts as to the two notes were the same.  In each case the makers of the notes subscribed for a certain amount of the capital stock of the orator.  Hanrahan paid a small sum down and gave his note for the balance.  Valiquette and Abraham gave their note for the full amount of the subscription.  The notes were payable to the order of the orator, and were delivered to the defendant.  They never were paid and the stock never was issued, but for what reason did not appear.  When demand was made upon the defendant for these notes he said that the notes did not belong to the orator and that he did not know where they were, and he did not deliver them to the orator.  The master found that the makers were financially responsible.

III.  The orator claimed to recover the sum of $6,960 in respect to what was known as the Wing contract.

About the time of the purchase of the material from the Thompson-Houston  Co. the orator made a contract with

Wing to instal a certain number of arc lights at a given price per light. Before Wing took this contract it was agreed between him and the defendant that the defendant and certain other directors were to execute the contract and were to receive the contract price, but that Wing was to act as the nominal contracting party. In point of fact the defendant and other directors did execute the contract. He procured a vote to pay Wing $1,000 upon this contract, and in pursuance of that paid to himself the sum of $1,000. When the contract was completed he paid to himself the further sum of $5,960, making the full amount of the contract price.

The master found that the defendant and his fellow directors made some profit from the execution of this contract, but since he could not determine from the evidence before him the amount of this profit, he disallowed the entire claim. The orator excepted to the report of the master for that he disallowed this item.

*C. A. Prouty*, *Geo. E. Lawrence* and *C. H. Joyce* for the orator.

The defendant was properly charged with the commission paid him upon the Thompson-Houston contract. If a director receives a commission or gratuity in connection with a purchase made by him for the company, the corporation can compel him to pay over to it whatever he has thus received. Cook, Stock and Stockholders, s. 650; Morawetz, Pri. Corp., s. 518; Pearson's Case, 25 W. R. 618; Ormerod's Case, 52 W. R. 765; Weston's Case, L. R. 10 Ch. Div. 579; *Emma Mine Co.* v. *Lewis*, L. R. 4 C. P. D. 396; *Farmers' etc. Bank* v. *Downey*, 53 Cal. 466; *Imperial etc. Association* v. *Coleman*, L. R. 6 H. L. 189; *Bent* v. *Priest*, 86 Mo. 475; *Bank* v. *Tyrell*, 5 Jur. N. S. 924; *Phosphate Sewage Co.* v. *Hortmont* L. R. 5 Ch. Div. 399; *Gen'l Ex. Bk.* v. *Horner*, L. R. 9 Eq. 480; *Gaskell* v.

*Chambers*, 26 Beav. 360; *Madrid Bank* v. *Pelly*, L. R. 7 Eq. 442.

The finding of the master as to the Hanrahan and Valiquette notes is in substance a finding that the defendant converted those notes and he should be charged with their face value and interest. *Robbins* v. *Packard*, 31 Vt. 570, 575.

*Prima facie* the defendant is responsible for the entire sum which he paid to hismelf under the Wing contract. If he seeks to reduce that amount by whatever the work done was actually worth to the orator, the burden is upon him to show that it was of value and the amount. Cook, Stock and Stockholders, s. 649; Morawetz, Pri. Corp., s. 517; *Port* v. *Russell*, 36 Ind. 60; *Cumberland Coal Co.* v. *Sherman*, 30 Barb. 553; *Hoffman Steam Coal Co.* v. *Cumberland Co.*, 19 Md. 456; *Aberdeen Ry. Co.* v. *Blakie*, 1 Macg. App. Cas. 461; *Gilman &c. Rd. Co.* v. *Kelley*, 77 Ill. 426; *Wardwell* v. *Rd. Co.*, 103 U. S. 651; Mecham, Agency, s. 712; *Thompson* v. *Brownville Rd. Co.*, 109 U. S. 522; *Mallory* v. *Mallory Wheeler Co.*, 61 Conn. 131; *Miner* v. *Icc Co.*, 93 Mich. 97.

*J. C. Baker* for the defendant.

The commission on the Thompson-Houston contract was paid to the defendant and two other directors jointly, and cannot be recovered of the defendant alone. 3 Thompson, Corp., ss. 4009, 4022;; 1 Morawetz, Corp., ss. 517, 518; *Parker* v. *Nickerson*, 112 Mass. 195.

The orator cannot recover in respect to the Wing contract. The defendant is entitled to the benefit of whatever sum the work done might be reasonably worth to the company. *Railroad Co.* v. *Magney*, 25 Beav. 586; *Thomas* v. *Railway*, 109 U. S. 522; *Wardwell* v. *Railroad*, affirmed, 103 U. S. 651.

ROSS, C. J.    During the period covered by the accounting the defendant was a director, treasurer and principal manager of the orator.    His solicitor does not contend that, while occupying these relations, he could make purchase for the orator, which would authorize him to pay therefor, as treasurer, more than the price required by the vendor ; nor, that he could make contracts, in the name of the orator, which would authorize him, as treasurer, to pay thereon more than required by the other parties to the contracts.    He could not from such purchases or contracts, obtain authority to pay himself a commission, or profit, nor to pay any other director, or manager, of the orator a commission or profit thereon. Such is the well established law, by many decisions.    In Cook's Law of Stock and Stockholders, s. 649, it is stated :

"The law is well settled that a director cannot become a contractor with the corporation, nor can he have any personal and pecuniary interest in a contract between the company, of which he is a director, and third persons.    The director cannot be interested in the construction company at the time the contract is made, nor subsequently, and it is immaterial that the contract is fair, or even to the advantage of the corporation. The corporation upon discovering the fact that the director is interested in the construction company, may compel him to pay over to the corporation all profits that he has derived from the construction contract.    *  *  *    Nor is a contract valid and enforceable against the corporation where the parties contracting with the corporation have given to the directors of the corporation a secret interest in the profits of the contract."

These propositions the author sustains by the citation in the notes of a large number of well considered decisions of courts of last resort.    Rarely are there found in a single case more or more pronounced violations of these well settled principles of the law than are contained in the report of the master in this case ; and from his report it is evident that the violations were knowingly and fraudently committed.

Some of the items allowed by the master were errors in the defendant's accounts as treasurer ; some, which were not such

error, are now uncontested. We shall notice only the items contested.

I. The first contested item which the master allowed is item 5. In this the master allows against the defendant $3,006.25 commission allowed to the defendant and two other directors by Thompson-Houston Co., on a purchase made by the defendant in the name of the orator. This commission was paid through an apparent purchase of stock of the orator by Thompson-Houston Co. The stock was transferred to an agent of Thompson-Houston Co., and by him to the orator and the two other directors. The defendant charged himself with the price of this stock, as so much cash received, and credited himself with having paid Thompson-Houston Co. $3,006.25 more than in fact he did pay them. The stock was worth the price at which it was charged. The defendant signed the stock certificates as treasurer of the orator. The whole scheme was gotten up and carried out by the defendant secretly and unbeknown to the directors who did not share in this sum. The defendant insists that no recovery can be had for this sum of him alone, and, for this reason, none in this suit to which the other directors are not parties. But this stock was assets of the orator, for which the defendant was accountable, as fully as for its money. He treated it as so much money received by him. But whether treated as stock or money, the defendant is accountable for it. If treated as stock he has converted so much to his own use by transferring it to himself and the others wrongfully. Whether considered as stock or money, it was the property of the orator in his hands. He is accountable for it. His accountability is not lessened, nor affected, because he unlawfully transferred a part of the stock to two of the other directors who are not parties to this suit. In thus transferring the stock the defendant knew that he was parting with the property of the orator, without receiving anything for it in fact, and without accounting for it. To cover the fraud he charged himself with having

sold the stock, at its par value, and with having received the money therefor, and then he credited himself with having paid Thompson-Houston Co. this sum more than he in fact paid them. He is clearly accountable in any view for this amount charged him by the master.

II.   In item 7 the master has charged the defendant with the amount of the two notes given the orator for the purchase of its stock.   The stock has never been transferred to the makers of the notes.   The makers are financially responsible. The defendant has not turned these notes over to his successor in office and claims they never were the property of the orator, and says he does not know where they are.   The master has found that the notes are valid, against responsible makers, belong to the orator, were in the hands of the defendant, and that he, not only does not pass them to his successor in office, but denies that they belong to the orator. They were the property of the orator in his hands, as its treasurer, and he has not accounted for them.   It is contended, that on the facts found by the master, the orator could lawfully collect these notes of the makers and therefore the defendant is not accountable for them.   The lawful right of the orator to collect them of the makers does not show an accounting for them by the defendant.   He does not show that they have been lost without his fault.   He claims they never were the property of the orator, and does not account for them as such.   As its treasurer it was his duty to keep them safely and pass them to his successor in office.   It was his duty to know where they were.   When he denies that they are the property of the orator and says he does not know where they are, he impliedly admits that he has wrongfully parted with them, has exercised wrongful dominion over them.   Under the circumstances we think his denial that they ever were the property of the orator and failure to pass them to his successor in office or to account for them is a conversion of the notes.   *Robbins* v. *Packard*, 31 Vt. 570.   This entitles the orator to recover

for the value of the notes.    But in this case the defendant is entitled to control the stock of the orator, for which these notes were given.

III.    The orator excepts to the master's report because he has failed to allow item 37.    This item is for $6,960 paid by him in fact to himself for installing fifty arc lights.    The defendant caused the contract for doing this work to be made with Wing, the agent of the Thompson-Houston Co., on the understanding that it should be transferred to himself and other directors.    It was so assigned, and the defendant and other directors performed the contract.    The defendant procured votes to be passed by the directors of the orator, directing him to pay this sum to Wing, under the contract. This was done to carry out his fraudulent scheme, and to keep all knowledge of it from the directors not engaged in it. Under these votes the defendant paid himself this sum.    The master has found that a profit was made on the contract, but, from the manner in which the books were kept, under the defendant's management, the master is unable to ascertain the amount of profit, and for that reason wholly disallows this item.    It is apparent that this disallowance is made upon the basis that the burden was upon the orator to show the amount of profit realized.    In this consists the master's mistake. From public policy and from the general principles governing the law of agency and of trusts, as well as from the authorities cited by the solicitors for the orator, the defendant, in either capacity, of director, treasurer, or general manager, could not by contracting, in legal effect, with himself, or with himself and other directors, bind the orator.    Such contracts are void at the election of the orator.    Doubtless the orator could hold the defendant and the other interested directors to the fulfillment of the contract if it so elected.    The defendant and other interested directors could not take advantage of their own wrong if the orator, on being made aware of the contract, elected to hold them to its performance.    By bring-

ing this suit, and calling upon the defendant to account for the money he paid to himself for the performance of the contract, or for installing the fifty arc lights, the orator has elected to treat the secret contract entered into, in the name of Wing, but in legal effect, in the name of the defendant and the other interested directors, as void, and has called upon the defendant to account for $6,960 of its money, which the defendant in form paid to Wing, but in fact paid to himself for performing this work. The orator having thus elected to treat the contract for the performance of this work as void, the contract is no longer the measure of the price of its performance. The defendant and other interested directors can be allowed for its performance only such a sum as it was reasonably worth, not to exceed its cost. The defendant must account for this sum of money belonging to the orator. But showing this contract with himself and other interested directors in fact, though in form a contract with Wing, and its performance by them, and their receipt of the money under it does not legally account for the sum of money because as regards the orator the contract had no binding force. The burden is therefore upon the defendant to show that he has lawfully paid out this sum of money for the performance of the work. This he can only do by showing what the performance of this work under all the facts and circumstances was reasonably worth, not to exceed what it cost. He stands charged with this sum of money and the burden is upon him to show that he has legally paid out every dollar of it for the benefit of the orator. It matters not that other directors were interested with him in doing this work, and that he paid some of it to such other directors. He knew his and their relations to the orator and to this work, and can be credited in reduction of this sum only for so much as he can show that the performance of this work under all the attending circumstances was reasonably worth and cost. If he has paid some of it unlawfully to other interested directors, he did it at his peril. Neither is his accountability lessened nor waived by the fact,

if such is the case, that the orator might have pursued the other interested directors, or himself and other interested directors jointly.   He had the orator's money and must stand charged therewith until he can show such facts as legally justified and authorized him to part with it.   This he has not done.   From the facts reported it is evident that the master proceeded upon the wrong basis in wholly disallowing this item.   The orator's exception in regard to this item is sustained and the case must be recommitted to the master for him to proceed in regard to this item on the basis indicated.

Upon all the other items the finding of the master's report is sustained.

*Decree reversed, cause remanded with a mandate in accordance with the views herein expressed.*