David McClure, as Receiver of the Life Union, Appellant, *v.* William H. Law, Respondent.

1. CORPORATIONS — DIRECTOR ACCOUNTABLE FOR MONEY RECEIVED FOR TRANSFERRING CONTROL OF CORPORATION. Money received from an outsider by a director and president of an assessment life insurance company, for procuring the outsider and his friends to be elected directors and given the control and management, together with the property and effects of the corporation, is money obtained by virtue of his office, for which he must account to the corporation.

2. DIRECTOR'S OWN WRONG NOT A DEFENSE. In such case, the claim that the director's acts were illegal and unauthorized does not avail to render his own wrong a defense to an action brought by the receiver of the corporation to recover from the director the money received by him, as money belonging to the corporation.

3. INEFFECTIVE EXCUSE FOR TRANSFER OF CONTROL. Nor is it a defense to such action, or a justification of the director's conduct, that the transfer of the control of the corporation was for the purpose of reimbursing himself and other directors for moneys which they had invested in the purchase of promissory notes issued by the corporation, but which were not legally collectible from it.

*McClure* v. *Law,* 20 App. Div. 459, reversed.

(Argued October 22, 1899; decided November 21, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered August 12, 1897, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court, and granting a new trial.

The Life Union, prior to the plaintiff's appointment as its receiver on its dissolution for insolvency, November 29, 1893, was a domestic corporation engaged in the business of life insurance on the co-operative or assessment plan.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David McClure* for appellant. The plaintiff has a clear right to compel the defendant to pay over the moneys received by him as the purchase price of his office as president and director. (27 Am. & Eng. Ency. of Law, 194; *Van Epps* v.

*Van Epps*, 9 Paige, 242 ; *Michoud* v. *Girod*, 4 How. [U. S.] 503 ; Perry on Trusts, § 430 ; *Penman* v. *Slocum*, 41 N. Y. 53 ; *Sugden* v. *Crossland*, 3 S. & G. 192; *Farly* v. *S. P. M. & M. Ry. Co.*, 4 McCrary, 138 ; *Forker* v. *Brown*, 30 N. Y. Supp. 827 ; Morawetz on Corp. § 519 ; Cook on Corp. § 650 ; *Bent* v. *Priest*, 86 Mo. 475 ; *Gaskell* v. *Chambers*, 26 Beav. 360 ; *P., etc., Co.* v. *Mulholland*, 24 S. W. Rep. 624 ; *P., etc., Co.* v. *Hays*, 24 S. W. Rep. 237.)

*Henry D. Hotchkiss* for respondent. The first count of the complaint on which recovery was had, was in effect for money had and received. (*McClure* v. *Wilson*, 13 App. Div. 274.) The maxim " *Quic quid acquiritur servo acquiritur domino*," does not apply. An action for money had and received cannot be maintained unless the money either belonged to the plaintiff originally, or the defendant received it actually or constructively for the plaintiff's account. In other words, unless the plaintiff has a legal or equitable title to the very moneys received by the defendant. (*Cobb* v. *Dows*, 10 N. Y. 341 ; *Freer* v. *Denton*, 61 N. Y. 495 ; *Butterworth* v. *Gould*, 41 N. Y. 450 ; *Murphy* v. *Ball*, 38 Barb. 262 ; *Metropolitan Bank* v. *Heiron*, L. R. [5 Ex. Div.] 319 ; *Lister* v. *Stubbs*, L. R. [45 Ch. Div.] 1.)

Haight, J. This action was brought to recover of the defendant, a former president and director of the Life Union, the sum of $3,000, which the plaintiff claims was profits made by the defendant out of his trust relationship with the company. The facts established by the evidence are, in substance, as follows : An agreement was entered into on the 28th day of December, 1891, between one Horace Moody, party of the first part, and Lucius O. Robertson and Lewis P. Levy, parties of the second part, by which the party of the first part undertook to deliver to the parties of the second part the absolute control and management of the Life Union Association in consideration of the sum of $15,000. This was to be accomplished by the resignation, from time to time, of one or more

directors of the corporation and the election of the parties of the second part, or the persons that they should designate, as directors. This agreement was entered into by Moody under the directions of the defendant, for whom he was acting as agent and attorney. It was modified on the 5th day of February, 1892, with reference to details in payments, etc., but not in any respect affecting the question here presented. These agreements were subsequently executed. Mr. Levy was elected a director to fill a vacancy theretofore existing, and then the defendant resigned as president and had Mr. Levy elected in his place. Subsequently, the defendant, with other directors from time to time resigned, and their places were filled by persons designated by Levy. The money was paid over to a person designated by the defendant and then was distributed among the directors, the defendant receiving $3,000. His excuse for this proceeding was that this transfer was made for the purpose of reimbursing himself and other directors for moneys that they had theretofore invested in the purchase of promissory notes which had been issued by the corporation for the purpose of purchasing the property and assets of the Flour City Life Association of Rochester. The notes, however, were, by their terms, payable out of the expense funds to be derived from the transfer membership of the Flour City Association, and inasmuch as the transfer was never effected, the notes were not collectible from the Life Union. (*McClure* v. *Levy,* 147 N. Y. 215.) The defendant held three of these notes of $1,000 each, but they cannot be accepted as a justification of the transaction, or be received as a defense to this action. The question is, therefore, presented, whether the defendant is bound to account for the money received from Levy for the transfer to him and his associates of the management and control of the Life Union, together with its property and effects. The learned Appellate Division has treated this transaction as a bribe paid to the directors of the Life Union by Levy, and reached the conclusion that the money did not belong to the corporation. We think, however, that the law does not permit

the defendant to avail himself of his own wrong as a defense to this action. As president and director of the Life Union he was bound to account to that association for all moneys that came into his hands by virtue of his official acts, and he cannot be permitted to shield himself from such liability under the claim that his acts were illegal and unauthorized. As an officer he had the right to resign, but the money was not paid to him for his resignation. It was paid over upon condition that he procure Levy and his friends to be elected directors and given the control and management, together with the property and effects of the corporation. The election of directors and the transfer of the management and property of the corporation were official acts, and whatever money he received from such official acts were moneys derived by virtue of his office for which we think he should account.

In *Sugden* v. *Crossland* (3 Sm. & Gif. 192) Horsefield was a trustee under a will. Crossland paid him seventy-five pounds to withdraw from the trust and have Crossland appointed in his place. It was held that the seventy-five pounds belonged to the estate.

Perry on Trusts, at section 427, says: " Trustees hold a position of trust and confidence, the legal title to the trust property is in them, and generally its whole management and control is in their hands. * * * They cannot use the trust property nor their relation to it for their own personal advantage. All the power and the influence which the possession of the trust fund gives must be used for the advantage and profit of the beneficial owners and not for the personal gain and emoluments of the trustees. * * * So, where a trustee retired from the office in consideration that his successor paid him a sum of money, it was held that the money so paid must be treated as a part of the trust estate, and that the trustee must account for it as he could make no profit directly or indirectly from the trust property or from the position or office of trustee."

In Cook on Corporations, section 650, it is said : " It is a well-established principle of law that a director commits a

11

breach of trust in accepting a secret gift or secret pay from a person who is contracting or has contracted with the corporation, and that the corporation may compel the director to turn over to it all the money or property so received by him." (See, also, *Chandler* v. *Bacon*, 30 Fed. Rep. 538; *Rutland El. L. Co.* v. *Bates*, 68 Vt. 579; *Farmers & Merchants' Bank* v. *Downey*, 53 Cal. 466; *Sheridan* v. *Sheridan El. Light Co.*, 38 Hun, 396.)

The order of the Appellate Division should be reversed and judgment entered on the verdict affirmed, with costs in all courts.

All concur, except Parker, Ch. J., not sitting, and Bartlett, J., dissenting.

Order reversed, etc.