DAVID McCLURE, as Receiver of the LIFE UNION, Appellant, .*v*. WAYLAND TRASK, Respondent.

CORPORATIONS — MONEY RECEIVED FOR TRANSFER OF CONTROL OF CORPORATION NOT FOLLOWED INTO HANDS OF HOLDER OF ITS INVALID NOTE. One who, not being at the time a director of the corporation or having any knowledge of the scheme to transfer its control, was paid out of money received by certain directors of an assessment life insurance company for the transfer of its control and property, the amount of a note held by him, executed by the corporation, is not liable for a return of the money, at the suit of the receiver of the corporation, where, although the note was not a binding obligation of the corporation, it does not appear that the defendant had parted with no value for the money paid him.

*McClure* v. *Trask*, 20 App. Div. 466, affirmed.

(Argued October 20, 1899; decided November 21, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered August 12, 1897, sustaining an exception taken to the direction of a verdict in favor of the plaintiff, and ordering a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion. See, also, preceding case of *McClure* v. *Law*.

*David McClure* for appellant..

*Henry D. Hotchkiss* for respondent. The Life Union never had any title to the moneys paid by Levy to Law. (*Met. Bank* v. *Heiron*, L. R. [5 Ex. Div.] 339; *Lister* v. *Stubbs*, L. R. [45 Ch. Div.] 1; *Caussidiere* v. *Beers*, 2 Keyes, 198; *Conway* v. *Conway*, 4 Misc. Rep. 312.) The surrender of his note by respondent was good consideration for the money paid him. (*Stephens* v. *Bd. of Education*, 79 N. Y. 187; *Justh* v. *Nat. Bank of Com.*, 56 N. Y. 478; *Southwick* v. *F. Nat. Bank*, 84 N. Y. 420; *Hatch* v. *F. Nat. Bank*, 147 N. Y. 184; *Brooks* v. *Haigh*, 10 A. & E. 309; *Goulding* v. *Davidson*, 26 N. Y. 608.) The defendant's receipt of the money having been lawful, his possession could not be made unlawful without demand before suit. (*Stephens* v. *Bd. of Education*, 3 Hun, 712; *Southwick* v. *F. Nat. Bank*, 84 N. Y. 420.)

Haight, J. This action was brought to recover the sum of one thousand dollars which the plaintiff claims belonged to the corporation and was improperly paid to the defendant. The defendant was formerly a director in the Life Union, but resigned on the first day of October, 1891. He was the holder of a one-thousand-dollar note issued by the Life Union corporation for the purpose of purchasing the business of the Flour City Association, which was not a binding obligation upon the Life Union. (*McClure* v. *Law*, 161 N. Y. 78; *McClure* v. *Levy*, 147 N. Y. 215.) After his resignation, one Moody, on behalf of the president of the corporation, entered into an agreement with one Levy and another, by which the sum of fifteen thousand dollars was paid for a transfer of the management, control and property of the corporation to Levy and his friends. Out of this fund it is claimed that the defendant was paid one thousand dollars to surrender his note against the corporation; that he parted with no value; that it was money belonging to the corporation, and that the receiver could follow it into his hands and recover it back. The defendant was

not a director, and it is not claimed that he had anything to do with the procuring of the resignation of the old board of directors and the election of Levy and his friends, or that he knew anything about that transaction. Baldwin, one of the old directors, and Law, the president, paid him one thousand dollars for his note against the company; he did not receive it as a trustee or by virtue of his former relation to the corporation.

We think it cannot be said, upon the record before us, that the defendant parted with no value for the money paid him. It is true that the note held by him was not a binding obligation upon the Life Union, but it appears that money had been advanced to the Flour City Association, or one of the officers, and it may be that a right of action existed to recover back the money so paid. While we recognize the principle contended for by the appellant, that the owner of money and property, traced into the hands of third persons who are not *bona fide* holders, may, in some instances, recover it back, still, we think that principle does not extend to the facts presented in this case.

The order should be affirmed, with costs, and judgment absolute ordered for the defendant upon the stipulation.

All concur, except PARKER, Ch. J., not sitting.

Order affirmed, etc.