EDWIN M. STANTON and Others, Plaintiffs, *v.* NICHOLAS M. SCHENCK and Others, Defendants.*

Supreme Court, New York County, April 20, 1931.

COTILLO, J. This action is brought by plaintiffs as stockholders of Loew's, Incorporated, to compel defendants, directors of the corporation, to account for profits received by them in breach of their official duty. The grievance of the plaintiffs is that the directors, secretly and without the knowledge of the corporation and most of its stockholders, sold to Fox Theatres Corporation a block of 400,000 shares of Loew's belonging to themselves and others associated with them at a price almost double the average

*See, also, 140 Misc. 621.

price on the open market, and made a profit of $9,000,000, for which it is charged they should account to the corporation.

Ordinarily a director possesses the same right as any other stockholder to deal freely with his shares of stock and to dispose of them at such a price as he may be able to obtain. (14-A C. J. 127.) To take the transaction out of the ordinary rule, plaintiffs allege that the motive of such sale was to give the Fox Corporation, a rival enterprise, a dominant position in the management of the affairs of Loew's, and further, that the agreement with Fox was that, notwithstanding the fact that the directors divested themselves of their stock ownership, they were to retain their position as officers, directors and members of the executive committee. It is further alleged that by this deal defendant directors foreclosed themselves from any consideration of a sale of the unissued stock of Loew's to the purchaser or others, whereby the treasury of the latter corporation might have been enriched. The present action is brought under the authority of section 60 of the General Corporation Law against the directors of the corporation to account for misconduct. The relief demanded is that provided in subdivision 2, to compel them to turn over to the corporation property or profits which they have acquired in violation of their duties. At first glance, it would seem that there has been no loss or waste of corporate funds, and no profit by the defendants at the expense of the corporation. A director generally does not violate his duty in selling his own stock at a price above the prevailing market, instead of disclosing and affording to the corporation the opportunity of disposing of its unissued stock upon such advantageous terms. But where his acts are motivated by the aim of placing a competitive concern in a position to dominate the corporation, they clash with his duties as a fair and impartial director. And when the execution of such an aim is further influenced by the motive of personal gain, the director who received such unlawful consideration must account to the corporation for the moneys so received. (*McClure* v. *Law*, 161 N. Y. 78.)

To be sure, the allegations from which corporate waste may be gathered are somewhat thin. But it can be fairly inferred from the averments of the complaint that the directors have made use of relations of trust and confidence in order to promote some selfish interest.

As was said in *Sage* v. *Culver* (147 N. Y. 241, 245): " The complaint will be deemed to be sufficient whenever the requisite allegations can be fairly gathered from all the averments, though the statement of them may be argumentative, and the pleading deficient in logical order and in technical language."

Directors for all practical purposes are trustees of the corporation and its stockholders when called upon in equity to account for their official conduct. (*Bosworth* v. *Allen*, 168 N. Y. 157.) In Cook on Corporations (Vol. 3 [8th ed.], § 650) it is stated: "It is a well-established principle of law that a director commits a breach of trust in accepting a secret gift or secret pay from a person who is contracting or has contracted with the corporation, and that the corporation may compel the director to turn over to it all the money or property so received by him." On first impression, it might seem that the principle does not apply here because the directors have dealt, not with corporate property, but with the individual stock of themselves and associates. But there are sufficient allegations which, for the purposes of the motion, must be deemed true to indicate that their undisclosed motive was to divest themselves of control, to continue as dummies of a rival enterprise, and deprive the corporation to which they owed a high duty of the benefit of a possibly advantageous bargain.

The principle is, therefore, broad enough to entitle the corporation to claim from the defendants the profits derived by them from their manipulations. The motion to dismiss the complaint is denied.