In an action to recover under a contract to pay a pension of $200 per month for life, and under section 400 of the Banking Law, judgment entered in favor of plaintiff after trial by the court without a jury, modified on the law and the facts by striking out the second decretal paragraph and substituting in place thereof a paragraph providing that defendant’s motion for judgment on the merits be granted. As thus modified the judgment is unanimously affirmed, without costs. The findings of fact that the contract was made and that sufficient consideration was given by the plaintiff’s intestate to support it are reversed. The proof is insufficient to establish the making of a valid contract under section 409-a (L. 1921, ch. 78), now subdivision 1 of section 400 of the Banking Law. The purported consideration therefor is invalid. (13 Am. Jur., Corporations, § 888; 1 White on New York Corporations [12th ed.], p. 553; 2 Fletcher’s Cyclopedia Corporations [Perm, ed.], § 348; McClure v. Law, 161 N. Y. 78; Wood v. Manchester Fire Assurance Co., 54 App. Div. 522, 525.) Carswell, Acting P. J., Johnston, Nolan and Sneed, JJ., concur; Adel, J., concurs, with the following memorandum: The action is by a former officer and director of the Port Richmond Cooperative Savings and Loan Association against the defendant, another savings and loan association, against which liability is claimed by virtue of a merger and agreement whereby the defendant assumed and agreed to pay the liabilities and obligations of the Port Richmond Association. The plaintiff seeks to enforce payment to him of a life pension, alleging that the Port Rich *836 mond Association contracted with him that if he would resign Ms offices of secretary and director, refrain from seeking re-election to those offices, and remove Ms real estate and insurance office from the building in which the offices of the association were located, the association would give him a pension for life by paying to him the sum of $200 each month. The court has found for the original plaintiff on the second cause of action, directing judgment in the sum of $16,400, together with interest. Pending the appeal the original plaintiff died and the present plaintiff was substituted in Ms place. I agree with the majority that the proof is insufficient to establish the making of the contract sued upon and that the consideration alleged is legally insufficient. I am further of the opinion that section 400 of the Banking Law does not authorize the making of the alleged contract. That section creates no rights. It is permissive and is express statutory authorization for the directors, in their discretion, to retire an officer or employee and grant him certain payments. The defendant is a mutual association organized under the Banking Law of the State of New York, and its powers and authority are found in the statute. Authorization for the making of the alleged contract is not contained therein.