Morris E. Spector, J.
Motion by defendant, Marcus, to dismiss the complaint for failure to state a cause of action is granted.
The complaint in this stockholders’ derivative action charges defendant directors with a breach of their fiduciary duties in that they used their powers for their own personal profit rather than for the benefit of the corporation.
It is alleged that defendant, Marcus, who assertedly was a controlling stockholder and dominated the board of directors, in combination with the directors, by false and misleading reports concerning the business of the corporation, caused the stock to be traded on the stock market at artificial, high prices hearing no relation to the true and fair value of the stock; and, that Marcus thereby obtained a substantial personal profit in selling his stock. The complaint also alleges that Marcus and Pfeiffer, another defendant, obtained, with the approval of the stockholders, stock purchase options at prices lower than the quoted market prices conditioned upon the execution of employment contracts, pursuant to a plan to enrich themselves at the expense of the corporation. In addition, defendants are charged with mismanagement and waste of corporate funds in causing the acquisition by the corporation of subsidiaries at exorbitant prices, the employment by the corporation of the sellers thereof at excessive salaries and causing the corporation to pay moneys to defendants, under the guise of reimbursement for expenses incurred by them on behalf of the corporation, all without adequate consideration. A further charge is made to the effect that Marcus, pursuant to a contract with outsiders, which contract was never consummated, agreed to sell his stock and pursuant to that agreement actually caused the election of the nominees of the purchasers as a majority of the board of directors in place of other directors of the corporation.
While defendants may have utilized their powers for their own personal benefit, the complaint nevertheless fails to show any injury to the corporation or the stockholders. No corporate opportunity was appropriated by defendants nor is their any claim that corporate funds were used for the benefit of defendants. While plaintiff asserts that the acts of Marcus and the other defendants caused the stock to be quoted and traded at prices greater than the fair and reasonable value of the stock *1099 he does not claim that defendants’ actions caused the stock to become depreciated in value, or caused a loss or injury to the corporation. Accordingly, in the absence of allegations establishing any injury to the credit or reputation of the corporation as a result of the false reports, no cause of action is stated on behalf of the corporation. (Cf. Von Au v. Magenheimer, 126 App. Div. 257, 268, affd. 196 N. Y. 510.)
(living the allegations of the complaint the broadest possible inferences consistent with the charges of misconduct dealing with the stock option agreements, those allegations fail to show any wrongdoing or bad faith on the part of defendants nor do the charges establish any damages to the corporation. The complaint falls far short of showing that the approval of the option agreements by the stockholders was obtained as a result of defendants’ fraud and the concealment by defendants of the fact that Pfeiffer intended to exercise the stock option and then to sever his employment with the corporation. Undoubtedly, the options were granted to Marcus and Pfeiffer in conjunction with the execution by them of employment contracts with the corporation. Ostensibly, therefore, the stock options were intended as incentives to their continued assocation with the corporation and as an additional consideration for their future services to the corporation. True, the price of the stock was less than the quoted market price. The stockholders, however, do not assert that the option price was unconscionable or unfair fco the corporation, but in fact, allege that the market price was totally inconsistent with the true value of the stock. Under these circumstances it may be inferred that the option price was at least equal to the fair value of the stock or that the price was fixed for the purpose of inducing Marcus and Pfeiffer to continue their employment with the corporation. The claim that defendants profited by the exercise of the options is of no importance since the sole question is whether the granting of the options resulted in a loss to the corporation. Here the allegations of the complaint, considered in conjunction with the execution of the employment contracts and plaintiff’s assertions that the stockholders approved the options at a time when the market price exceeded the fair value of the stock, indicates that the corporation received the full value of the stock and suffered no loss. (Abrams v. Allen, 36 N. Y. S. 2d 170, affd. 266 App. Div. 835.)
The charges of waste and mismanagement are unsupported by any factual averment of specific acts or transactions showing wrongdoing on the part of defendants. Accordingly, the complaint in this regard is conclusory in nature and fails to state *1100 a cause of action (Kalmanash v. Smith, 291 N. Y. 142; Gerdes v. Reynolds, 281 N. Y. 180).
While the complaint contains allegations which reveal that Marcus, in conformity with the provisions of a contract for the sale of his stock to third parties, caused the nominees of the proposed purchaser to be elected as controlling members of the board of directors, it is further alleged that the said contract was never consummated with the result that Marcus still retains the right to select and elect a new majority of the corporate directors.
These allegations indicate that as a condition of the sale, the majority of the directors did resign and that a new majority, whose personnel was dictated by the purchaser, was chosen. But the complaint does not charge that as a consequence of the election of the proposed purchasers’ nominees the interests of the corporation were adversely affected or left without proper care and protection. Nothing is alleged to show that Marcus and the directors under his control thereafter acted in any way detrimental to the corporation. In addition, no claim is made that Marcus received pay in consideration of electing the purchasers ’ nominees. While Marcus would be compelled to account for any pay he may have received for selling directorships or for any consideration paid him by the proposed purchasers for the control of the corporation (McClure v. Law, 161 N. Y. 78), the complaint is completely silent as to whether any such consideration passed to Marcus.
Complaint is dismissed with leave to plaintiff to serve an amended complaint.
Settle order.