Owen McGivern, J.
Plaintiffs move for summary judgment in an action on a nonnegotiable note issued by the original defendant and assigned by mesne assignments to plaintiffs. Said defendant has interpleaded Superior Tool & Die Company, alleging that it had asserted a claim to the same note. The interpleaded defendant has served an answer asserting counterclaims against the plaintiffs and the original defendant. The *538 essence of the counterclaims is that the note in suit was part of the purchase price for sale of controlling stock of the inter-pleaded defendant, that such stock was sold for a sum in excess of the market price, that as part of the agreement the selling stockholders agreed to cause the resignation of a majority of the directors of the interpleaded defendant and that in equity the purchase price, including the note in suit, belongs to it. The position of the interpleaded defendant is legally sound, at least to the extent of the excess of the purchase price over the market price. (McClure v. Law, 161 N. Y. 78 [1899]; Benson v. Braun, 286 App. Div. 1098 [2d Dept., 1955].) Whether its position is factually sound cannot of course be determined on the instant motion for summary judgment but must await the trial. It is sufficient for present purposes to note that plaintiffs do not dispute most of the allegations of the interpleaded defendant’s answer.
Plaintiffs claim that their note was initially issued, not to the sellers of the stock, but to the finder who brought about the sale, and that therefore the interpleaded defendant has no claim to their note. The documentary evidence submitted shows beyond dispute that initially the sellers agreed to pay the finder’s fee and that when the contract of sale was modified, it was agreed that, as part of the purchase price, the original defendant would deliver to the sellers the note in suit registered in the name of the finder. In the face of this documentary evidence, plaintiffs’ claim that their note was not part of the purchase price is untenable. Since the note is nonnegotiable, plaintiffs take subject to all infirmities in their assignors’ title.
The original defendant sets forth, as an affirmative defense, the facts upon which the claim of the interpleaded defendant is based, and alleges that by reason thereof, the note is illegal. Plaintiffs’ claim that the original defendant is estopped to assert such defense because the then chairman of its board of directors assured plaintiffs of the validity of the note and the absence of any defenses thereto. Such assurance was given in writing after plaintiffs acquired the note and therefore, whatever its evidentiary value may be as an admission, it does not form the basis for an estoppel. Plaintiffs also claim oral assurance from the same official in a conversation before they bought the note. It is significant that, although plaintiffs submit the affidavit of this official, he does not refer to the alleged conversation. Furthermore, there is grave question as to the authority of the chairman of the board of a corporation to estop it in the absence of specific authority from the board, and none is shown here. The fact that he was specifically authorized to sign the note *539 does not establish that he had authority to estop the corporation thereafter.
To grant plaintiffs summary judgment in the face of a legally valid claim of an interpleaded defendant not shown to be factually false would be inconsistent with the interpleader statute. (Civ. Prac. Act, § 285.)
Under the circumstances, it is not necessary to discuss the other defenses asserted.
Motion denied.