■ PLATT CORPORATION, Suing on Behalf of Itself and as Representative of Certain Stockholders of PLATT CORPORATION, Appellant, v. RONALD L. PLATT, Respondent.— Order, entered on December 13, 1963, dismissing amended complaint, unanimously affirmed, with $20 costs and disbursements to respondent. The allegations of the said amended complaint fail to show any cause of action in favor of the plaintiff, The Platt Corporation, existing prior to or at the time of the consummation of its merger into Adson Industries, Inc., so our decision in the companion case, *Platt Corp.* v. *Platt* (21 A D 2d 116), is not controlling. It does not appear from the complaint here that the sale by the defendant (the then president of plaintiff) of his controlling (Class B) stock in the plaintiff to Adson was designed to bring about or caused any injury to the plaintiff or its assets. (Cf. Leech, Transactions in Corporate Control, 104 U. of Pa. L. Rev. 725, 779 [1956]; *McClure* v. *Law*, 161 N. Y. 78; *Benson* v. *Braun*, 141 N. Y. S. 2d 286, affd. 286 App. Div. 1098.) In fact, the change in management and the merger resulting from such sale appears to have been in furtherance of rather than contrary to the interests of plaintiff. The allegations of the complaint also do not tend to establish a cause of action on the theory that the acts of the defendant amounted to the unlawful deprivation or diversion of a corporate opportunity. (Cf. 104 U. of Pa. L. Rev., *supra*, p. 797; *Stanton* v. *Schenck*, 140 Misc. 621; *Perlman* v. *Feldmann*, 219 F. 2d 173, cert. den. 349 U. S. 952.) The opportunity to bargain for and to effect the merger with Adson upon favorable terms, if a valuable corporate asset, was not lost or in any way curtailed by the acts of the defendant. His acts had the effect of facilitating the merger rather than operating to deprive plaintiff of the opportunity thereof. Furthermore, the action is not maintainable by plaintiff for the purpose, as expressly alleged in the first cause, of requiring defendant "to account to plaintiff, for the benefit of its Class A shareholders for the consideration which he received for the sale of his Class B stock in excess of its value", or, as expressly alleged in the second cause, to compel defendant "to account to plaintiff, for the sole benefit of its Class A shareholders, for the amount defendant received for each of his Class B shares in excess of the amount received for each of their shares by the Class A shareholders". The plaintiff was without the power to set itself

up as trustee, agent or otherwise to maintain an action in the right and for the benefit of a particular group of its stockholders. (See Fletcher's Cyclopedia Corporations [Perm. ed.], Vol. 1, § 36; vol. 13, § 5934.) In any event, while a well-grounded action brought by plaintiff in its own right upon a cause existing prior to merger may be continued in its name (see *Platt Corp.* v. *Platt, supra*), there is no statute or precedent authorizing the continuance of an action by it for the benefit of former stockholders. When the merger became effective, the plaintiff's Class A stockholders ceased to be stockholders in plaintiff and their right of action as such stockholders to an accounting by defendant, if any such right survived, must be prosecuted directly by them in their own right. Finally, since it does not appear that the plaintiff now has any good ground to support a cause of action of the nature sought to be pleaded in this action, it should not be given the right to plead again. (See CPLR 3211, subd. [e]). This determination is, however, not dispositive of and is without prejudice to the right of action, if any, of the Class A stockholders or of Adson Industries, Inc., in the premises. Concur — Botein, P. J., Breitel, Valente, Eager and Witmer, JJ.