JOHN H. BOSWORTH, as Receiver of the GENESEE NATIONAL SAVINGS AND LOAN ASSOCIATION, Appellant, *v.* CHARLES M. ALLEN et al., Respondents.

1. CORPORATIONS — LIABILITY OF DIRECTORS TO ACCOUNT IN EQUITY AS TRUSTEES. The directors of a corporation, while not technically trustees thereof, as the title of the corporate property is vested in the corporation itself, are charged with the duties of trustees and bound to care for its property and manage its affairs in good faith, and for a violation of that duty resulting in waste of assets, injury to its property or unlawful gain to themselves, they are liable to account in equity to the corporation, or its representatives, the same as ordinary trustees.

2. EQUITY — ACTION TO RECOVER PROPERTY LOST AND DAMAGES CAUSED THROUGH CONSPIRACY OF DIRECTORS AND TO ANNUL CONTRACT MADE IN PURSUANCE THEREOF. When the directors and officers

of a corporation, acting in pursuance of a conspiracy, resigned their posi-
tions and elected in their places certain persons whom they knew to be
irresponsible and untrustworthy and placed in their possession and under
their management and control the property, rights and interests of the cor-
poration, in consideration of certain unlawful payments to be made and
contracts to be performed for their benefit by such new directors, and the
property and assets of the corporation were, in consequence, wasted thereby
and by extravagant and unnecessary expenses paid and improvident con-
tracts made by the substituted directors, an action in equity for an account-
ing may be maintained against the directors who resigned in consequence of
the conspiracy, to discover and fix the value of assets improperly withheld
pursuant to the conspiracy and of all property lost and damages caused by
their wrongful acts, and to compel them jointly and severally to pay the
aggregate amount thereof over to the corporation or a receiver thereof, and
since it was part of the fraudulent confederation into which they all
entered and part of the wrong intended and accomplished by them, to
also set aside a written contract between one of them and the corpora-
tion whereby assets thereof were to be wrongfully diverted to him.

3. Pleading — Joinder of Cause of Action for Equitable
Accounting and of Cause of Action to Set Aside Contract.
The cause of action to set aside the contract may properly be united with
the cause of action to compel an accounting for the injurious results of
the arrangement of which it is a part, since both causes of action were
founded upon claims against trustees, arising by operation of law within
the meaning of section 8 of the Code of Civil Procedure, and all the
injuries charged result from the overt acts of the defendants, pursuant to
and in execution of the conspiracy.

*Genesee Nat. Sav. & Loan Assn.* v. *Allen,* 57 App. Div. 633, reversed.

(Argued June 6, 1901; decided October 1, 1901.)

Appeal, by permission, from an order of the Appellate
Division of the Supreme Court in the fourth judicial depart-
ment, made January 8, 1901, affirming an interlocutory judg-
ment of Special Term sustaining demurrers to the complaint.

The substance of the complaint is as follows: In 1898 the
defendants were directors, duly elected by the stockholders, of
the Genesee National Savings & Loan Association, a domestic
corporation, the defendants Silas N. Gallup, James Walling,
Ellery G. Allen and Eli H. Gallup being respectively the
president, vice-president, secretary and treasurer, and the
defendant Charles M. Allen, the attorney for said corporation,
appointed by the trustees pursuant to the by-laws. About the
11th of November, 1898, without the knowledge or consent

of the stockholders and in violation of their duty to the corporation, the defendants conspired with John L. White and John W. Reynolds, whom they knew to be irresponsible and untrustworthy, to elect them and other persons to be designated by them, whom they could control, as directors of the corporation, and to thereby place its business and property under their charge and subject to sale and disposition by them. Pursuant to said conspiracy the defendants agreed with Reynolds and White to resign in succession their positions as directors and officers and elect in their places the said Reynolds and White and other persons to be designated by them for such purpose and to thereby place in their possession and under their management and control the property, rights and interests of the corporation, and to render the same subject to sale and disposition by the substituted management. In consideration of this agreement and these acts to be done by the defendants, said Reynolds and White, and their associates, were to pay to the defendants upon the surrender of their capital stock to the corporation the sum of $13,434.94, which exceeded its withdrawal value by $1,168.53. It was also part of the consideration that the corporation, by its board of directors, should hire the defendant Charles M. Allen as its counsel for the period of two years at a compensation of $200 a month, and that the defendants should be paid by Reynolds and White and the persons selected by them a bonus of about $18,000. In furtherance of such conspiracy this agreement was carried into effect in all respects by the election of the new directors and officers, the placing of the business, property and effects under their charge, and the making of a written contract with Charles M. Allen to employ him as counsel for the period and at the rate of compensation aforesaid. Such sums of money, to wit, $1,168.53 and about $18,000, were also paid in accordance with the agreement. All this is alleged to have been done on or about the 11th of November, 1898.

It is further alleged that between the day last named and April 15th, 1899, said White and Reynolds and their associ-

ates, as trustees and officers, grossly mismanaged the business and property of the corporation and wasted its assets by the payment of unnecessary and unearned salaries to themselves and others to the amount of $7,425.79, and by the payment of extravagant and unnecessary expenses in managing the business of the corporation to the amount of about $5,000. On or about the 11th of November, 1898, White, Reynolds, and their said associates, as trustees and officers of the corporation, made various wasteful and improvident contracts against the rights of the corporation and its stockholders, and without their knowledge or consent. The corporation was compelled to expend about $5,000 in annulling said contracts, recovering real estate conveyed pursuant thereto, obtaining possession of its assets and property, and ousting White, Reynolds and their associates from their positions as officers and trustees. It was also deprived of rents, issues and profits of said real estate and interest on money paid on said improvident contracts, amounting to about $3,000. On the 15th of April, 1899, the corporation repudiated its contract with Charles M. Allen and removed him from office as its counsel, but he claims that said contract is still binding and that he is entitled by virtue thereof to receive the compensation stipulated thereby.

The relief demanded is that the Allen contract be annulled ; that the amount of money paid to the defendants, as alleged, be ascertained and determined, and that they be required to account for it ; that the amount of damages sustained by the corporation by the wrongful acts of the defendants be fixed, and that it have judgment therefor. There was also a prayer for general relief.

The defendant Charles M. Allen demurred to the complaint upon the ground that causes of action were improperly united therein, to wit : A cause of action upon contract to recover $18,000 received by the defendants to the use of the plaintiff, united with a cause of action in tort to set aside a contract in writing fraudulently entered into with said Allen, and with a cause of action to recover moneys which were wrongfully paid to the defendants over and above the value

of their stock, and with a cause of action to recover damages for a conspiracy entered into between the defendants and John L. White and others.

The defendants William C. Barnard, James Walling and Ellery G. Allen demurred upon the same ground, specifying as the subjects of misjoinder a cause of action to cancel a contract made with one of the defendants through fraud; a cause of action to recover moneys paid to the defendants over and above the withdrawal value of their shares, and a cause of action to recover damages by reason of a conspiracy between the defendants and White and others.

The defendants Silas N. Gallup, Eli H. Gallup and Charles W. Winspear, demurring upon the same ground, specified as the subjects of misjoinder a cause of action on contract to recover $18,000 paid to the defendants for their resignation as officers of the corporation and the substitution of others in their places, being for money had and received by defendants belonging to the plaintiff; a cause of action in tort to set aside the contract made with Charles M. Allen; another to recover the sum of $1,168.32 as damages sustained by the corporation through the wrongful acts and conspiracy of the defendants with Reynolds, White and others; and finally one for damages sustained by the corporation through the wrongful acts and conspiracy of the defendants with Reynolds, White and others in turning over the corporation to them and enabling them to grossly mismanage its business and waste its effects.

Upon the trial of the issues of law before the Special Term it was found that causes of action were improperly united, viz., one on contract to recover $18,000 received by the defendants to the use of the plaintiff, united with a cause of action in tort, to wit, one to set aside a contract with Charles M. Allen entered into through fraud; another to recover moneys paid to the defendants in excess of the value of their stock, and a third to recover damages by reason of a conspiracy between the defendants with White and others to turn over the property of the plaintiff to them, knowing

11

them to be irresponsible and untrustworthy. An interlocutory judgment was directed and entered accordingly, which, upon appeal, was affirmed by the Appellate Division without an opinion, two of the justices dissenting. Upon the application of the plaintiff this appeal was allowed and the following questions certified to us for decision :

*First.* Whether the complaint herein states more than one cause of action.

*Second.* Whether, if the complaint states two or more causes of action, they belong to the same class, either tort or contract, and may be joined.

*Third.* Whether or not, if the complaint states two or more causes of action, they arose out of the same transaction and are consistent with each other.

*David N. Salisbury* for appellant. The complaint states but one cause of action. (*People* v. *Tweed,* 5 Hun, 353 ; 63 N. Y. 194 ; *Garner* v. *Harmony Mills,* 6 Abb. [N. C.] 212 ; *Vanderslice* v. *Newton,* 4 N. Y. 130 ; *Bliss* v. *Winters,* 38 App. Div. 174 ; *Thomas* v. *Thomas,* 9 App. Div. 487 ; *Zoccolo* v. *Stern,* 25 Misc. Rep. 246 ; *Lang* v. *Thacher,* 48 App. Div. 313 ; *Porter* v. *I. B. Co.,* 163 N. Y. 79 ; *Elias* v. *Schweyer,* 27 App. Div. 69 ; *Smith* v. *Rathbun,* 22 Hun, 150.) If the facts alleged constitute two or more causes of action they belong to the same class, either tort or contract, and may be joined. (Code Civ. Pro. § 484, subds. 1, 6 ; § 3343, subd. 10 ; *McClure* v. *Law,* 161 N. Y. 78.) If the complaint states two or more causes of action they arise out of the same transaction, are consistent with each other and may be joined. (*McClure* v. *Law,* 161 N. Y. 78 ; *Nat. T. Co.* v. *Gleason,* 77 N. Y. 400 ; *Mahler* v. *Schmidt,* 43 Hun, 512 ; Code Civ. Pro. § 484, subd. 9 ; *Garner* v. *Thorne,* 56 How. Pr. 452 ; 6 Abb. [N. C.] 212 ; *Lamming* v. *Galusha,* 135 N. Y. 239 ; *Cass* v. *Higenbotam,* 100 N. Y. 248 ; *Mackenzie* v. *Hatton,* 6 Misc. Rep. 154.)

*Richard E. White* for Charles M. Allen, respondent. There are, at least, two causes of action in plaintiff's complaint

which are improperly joined. (*McClure* v. *Wilson*, 13 App.
Div. 274; *McClure* v. *Law*, 20 App. Div. 462; 161 N. Y.
78; *Bank of Beloit* v. *Beale*, 34 N. Y. 473; *Rodermund* v.
*Clark*, 46 N. Y. 354; *Keep* v. *Kaufman*, 56 N. Y. 332;
*Goldberg* v. *Utley*, 60 N. Y. 429; *Wiles* v. *Suydam*, 64 N.
Y. 173.)

*Reed & Shutt* for Silas N. Gallup et al., respondents.
The first and second causes of action to recover the alleged
$1,168.53 and the $18,000 are actions *ex contractu* to recover
the consideration made by defendants out of the contract of
sale of their trust relationship with plaintiff corporation. (1
Ency. Pl. & Pr. 84, 93; *Cobb* v. *Dows*, 10 N. Y. 341; *Freer*
v. *Denton*, 61 N. Y. 495; 3 Black. Comm. 163; *McClure* v.
*Law*, 161 N. Y. 79; 20 App. Div. 463; *Sugden* v. *Cross-
land*, 3 Smale & G. 192; Perry on Trusts, § 427; *Sheridan*
v. *Sheridan E. L. Co.*, 38 Hun, 395; Cook on Corp. § 650;
*Penman* v. *Slocum*, 41 N. Y. 53; 1 Am. & Eng. Ency. of
Law [2d ed.], 1072, 1181; Mecham on Agency, §§ 113, 469,
522; *Patrick* v. *Metcalf*, 37 N. Y. 332; *Butterworth* v.
*Gould*, 41 N. Y. 457; *Rowe* v. *Bank of Auburn*, 51 N. Y.
675; *Hathaway* v. *Town of Homer*, 54 N. Y. 656.) The
third cause of action is in the nature of a disaffirmance of the
contract of sale of plaintiff's property because of the alleged
conspiracy, and seeks to declare void the contract with Allen
which is part of the consideration for that contract claimed to
be void because of the conspiracy. (14 Am. & Eng. Ency. of
Law [2d ed.], 161; 21 Am. & Eng. Ency. of Law [1st ed.], 91.)
The fourth cause of action is one in tort to recover damages
sustained in consequence of defendants' breach of trust in con-
spiring wrongfully and unlawfully with White, Reynolds and
others and in pursuance thereof turning plaintiff's offices and
property over to said persons, knowing them to be untrust-
worthy and irresponsible, whereby plaintiff suffered injury
and loss. (Cooley on Torts, 124, 125; 6 Am. & Eng. Ency.
of Law [2d ed.], 832, 849; 7 Ency. of Pl. & Pr. 362, 363;
*Avila* v. *M. C. Co.*, 32 Hun, 1; *Brewer* v. *Ford*, 59 Hun,

25.) Plaintiff's claim that there is but one cause of action, the gist of which is unlawful conspiracy, cannot be upheld, for plaintiff claims the consideration received by defendant as money belonging to to it. (6 Am. & Eng. Ency. of Law [2d ed.], 832; *N. T. Co.* v. *Gleason,* 77 N. Y. 400; *N. Y. G. & I. Co.* v. *Gleason,* 78 N. Y. 503, 508; *McClure* v. *Wilson,* 13 App. Div. 278; *McClure* v. *Law,* 20 App. Div. 462.)

*C. M. Allen* for William V. Barnard et al., respondents. If different causes of action are in fact united in the same complaint, even though not separated and numbered, but pleaded as one, the complaint is demurrable, unless the causes are such as the Code permits to be joined in one action. (*Goldberg* v. *Utley,* 60 N. Y. 429; *Wiles* v. *Suydam,* 64 N. Y. 173.) The plaintiff's claim to recover the money, alleged to have been paid to defendants as a consideration for the transfer, is based on the theory that the money received was the property of plaintiff and is clearly for money had and received. (*McClure* v. *Wilson,* 13 App. Div. 274; *McClure* v. *Law,* 20 App. Div. 462; *McClure* v. *Law,* 161 N. Y. 78.) The law of principal and agent clearly applies to the relation which existed between plaintiff and defendants. (*Hun* v. *Cary,* 82 N. Y. 70; *O'Brien* v. *Fitzgerald,* 143 N. Y. 381; *McClure* v. *Law,* 161 N. Y. 78.)

VANN, J. The defendants conspired to wreck the corporation of which they were directors and to thereby make money for themselves. Although they sustained a relation of trust to the corporation and were bound to promote its interests and protect its property, they entered into a combination to destroy it in order to enrich themselves. While not technically trustees, for the title of the corporate property was in the corporation itself, they were charged with the duties and subject to the liabilities of trustees. Clothed with the power of controlling the property and managing the affairs of the corporation, without let or hindrance, as to third persons they were its agents, but as to the corporation, itself, equity holds them liable as trustees. (2 Pom. Eq. Juris. secs. 1061, 1063,

1088, 1097 ; 2 Beach Eq. Jur. sec. 845 ; Potter Corp. sec. 330 ; Thompson's Liability of Officers & Agents of Corporations, 351, 360, 375 ; *Aberdeen Ry. Co.* v. *Blakie,* 1 Macq. 461 ; *Taylor* v. *Chichester & M. Ry. Co.,* L. R. [2 Exch.] 379 ; *Ervin* v. *Oregon Ry. & N. Co.,* 27 Fed. Rep. 625, 630 ; *Duncomb* v. *N. Y., H. & N. R. R. Co.,* 84 N. Y. 190, 198 ; *Marvin* v. *Brooks,* 94 N. Y. 71 ; *Hiscock* v. *Lucy,* 9 Misc. Rep. 578, 592.)

While courts of law generally treat the directors as agents, courts of equity treat them as trustees and hold them to a strict account of any breach of the trust relation. For all practical purposes they are trustees when called upon in equity to account for their official conduct. (*Brinckerhoff* v. *Bostwick,* 88 N. Y. 52, 58 ; *Robinson* v. *Smith,* 3 Paige, 222 ; *Verplank* v. *Mercantile Ins. Co.,* 1 Edwards' Ch. 46 ; *Charitable Corp.* v. *Sutton,* 2 Atkyns, 400 ; *Hodges* v. *New England Screw Co.,* 1 R. I. 312.) The corporation itself had the right to call the directors to account, and such was originally the form of the action before us, but since the trial a receiver has been appointed and substituted as plaintiff herein.

While detached portions of the complaint, when read by themselves, would support several causes of action, when all the allegations are considered together we find but two, one an action against trustees, or those liable as trustees, for an accounting, and another, incidental thereto and consistent therewith, arising out of the same transaction and belonging to the same class, to wit, an action to set aside a written contract entered into through the defendants as trustees pursuant to the same fraudulent conspiracy upon which the main cause of action is founded. Both rest upon the same equitable principle, although one depends upon a single overt act and the other upon many, committed in carrying the conspiracy into effect. That principle is that the directors of a corporation are charged with the duties of trustees and bound to care for its property and manage its affairs in good faith, and for a violation of that duty resulting in waste of its assets, injury to its property, or unlawful gain to themselves, they are liable to

account in equity the same as ordinary trustees. The corporation has the right to call upon them to account, not only for all the property intrusted to their care, but also for all moneys furtively made by them at its expense. It is the peculiar province of courts of equity to supervise the execution of trusts and to call trustees to an accounting for their management of trust estates, and especially for every violation of their primary duty not to deal with trust property for their own advantage. (*Hiscock* v. *Lacy, supra; Husted* v. *Thomson,* 158 N. Y. 328, 335.) Equitable jurisdiction extends to all culpable acts and omissions of the directors, by which the pecuniary interests of the corporation are or may be injured. If they are treacherous to its interests and appropriate its property, or intentionally waste its assets, or take money for official action, or " sell out " by resigning and thus giving control to others, they are liable to account in equity to the corporation or its representatives, not only for the money or property in their hands, but also for such as they fraudulently disposed of or wasted, as well as for the damages naturally resulting from their official misconduct, and even, as we have recently held, for money received by virtue of their office. (*McClure* v. *Law,* 161 N. Y. 78.) A court of equity has power, at the instance of the proper party, through its flexible and comprehensive action for an accounting, to inquire into every official act of the officers and directors, and testing them by the standard of good faith and the absence of gross negligence, to compel restitution of property withheld, with compensation for assets wasted, and to award damages for the natural consequences of official misconduct, when such damages are claimed, in connection with equitable relief, on account of a general course of injurious action or a conspiracy to despoil the corporation. Even if part of the relief could be had in actions at law, still, when it is sought in connection with strictly equitable relief, such as the discovery of trust property and the recovery thereof, and the right to all relief springs from a common cause, such as a conspiracy, all may be included in the sweeping action for an accounting.

The sum of $1,168.53, specifically alleged to have been paid to the defendants in excess of the withdrawal value of their shares, belonged to the corporation, and they are liable to account for it as money wrongfully paid to them pursuant to the conspiracy. The amount, not specifically alleged, paid to them for official action, was money obtained pursuant to the same conspiracy by virtue of their office as directors, for which they must account as part of the assets of the corporation. This money they could not lawfully receive for themselves. They received it as the price of the transfer of all the corporate assets to the custody of irresponsible third parties, and the law, in order to protect the corporation, treats it as its property, and, therefore, money which it is entitled to recover from all the defendants. Their conspiracy was to keep it themselves, and the receipt thereof was an overt act in execution of the conspiracy. The loss of money by the corporation subsequent to the conspiracy, and in consequence thereof, through the wrongful acts of the defendants' successors placed in office by their treachery, was the natural, and, therefore, the expected result of the conspiracy itself.

The value of the assets wasted and the amount of expense incurred as the direct and natural result of the conspiracy must be accounted for by the defendants, because those assets were intrusted to their care and protection as trustees, and having broken their trust they are liable for all the proximate consequences. Through an action for an accounting a court of equity has power to discover and fix the value of all assets improperly withheld pursuant to the conspiracy, and of all property lost and damages caused by the wrongful acts of the defendants, and to compel them jointly and severally to pay the aggregate amount over to the plaintiff. Through the conspiracy and the overt acts in execution thereof, the defendants violated their duty as trustees, and equity will award complete relief in a single action for all the consequences of such violation, even if a part thereof might be had in an action at law. While the *cestui que trust* may sometimes proceed at law against his trustee, he need not do so but may always call him

into a court of equity. That course was pursued in this case and the entire complaint, although verbose and inartificial in form, is simply an action to compel trustees to account, except so far as it seeks to set aside a written contract, entered into between one of the defendants and the corporation in partial execution of the conspiracy, whereby assets were to be wrong-fully diverted to him. All the defendants are responsible for that contract, for it was part of the fraudulent confederation into which they all entered. It was part of the wrong intended and accomplished by them. The cause of action to set it aside was properly united with the cause of action to compel the defendants to account for the injurious results of the arrangement of which it was a part. Both causes of action were founded upon claims against trustees arising by operation of law. (Code Civ. Pro. sec. 484, par. 8.) The fundamental fact upon which the right to all relief rested was the conspiracy entered into by the trustees against the corporation to do or aid in doing all the acts complained of. All the injuries charged result from the overt acts of the defendants pursuant to and in execution of the conspiracy. As all stand on that common ground, all were affected by each cause of action, although not equally. All were proper parties and the cancellation of the contract was relief appropriate and incidental to the main object of the action, which was to compel trustees to account for official misconduct and make restitution of property withheld, with compensation for property wasted and expenses necessarily incurred to prevent further injury. In a single equitable action the court may go to the bottom of the wrong, and work out, in such form as the facts require, all the relief called for by the conspiracy of the defendants against the corporation toward which they stood as trustees.

The order appealed from should be reversed, the demurrers overruled, with costs in all courts, and the questions certified answered in the affirmative.

PARKER, Ch. J., BARTLETT, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur.

Ordered accordingly.