to remove it, when the city condemns the property it takes from the tenant the building of which this machinery is a part, and it is only just that the tenant should be paid what the building is worth as a whole. What the tenant is entitled to is the fair market value of the property that is taken. * * * The particular property to be included in such an award must necessarily depend upon the character of the building, the character of the machinery and of the business carried on, and while much of this machinery may be old and antiquated if removed, so as to be then of little value, it is valuable for use by the tenant as a part of his leasehold interest in the property and his ownership of the building in which it was installed. * * * The city is not the landlord, and as against the tenant has not acquired the landlord's rights, but is taking this property against the wish of both the landlord and the tenant for its own purposes. The rule that exists as between landlord and tenant, which has been evolved by the courts to prevent injustice to the tenant, should not be applied so that a beneficial use of the property is taken from the tenant without making him a fair compensation for the property as a whole."

Of course we do not now pass upon the nature of the fixtures, or whether they come within the ruling or are to be allowed for; we simply allow the amendment to the claim so that the evidence may be presented.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to the appellant. All concur.

---

POLLITZ v. WABASH R. CO. et al.

(Supreme Court, Appellate Division, First Department. February 3, 1911.)

1. CORPORATIONS (§ 189*)—SUIT BY STOCKHOLDER.

A stockholder may maintain a suit in equity against the corporation and majority stockholders founded on a right of action, existing in the corporation itself, where the majority of the shareholders are oppressively and illegally pursuing a course in the name of the corporation, which is in violation of the rights of the other stockholders, and which can only be restrained by the aid of a court of equity.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 706–712; Dec. Dig. § 189.*]

2. ACTION (§ 38*)—SINGLE CAUSE OF ACTION—STOCKHOLDERS' SUIT.

The fundamental question in a stockholders' suit being the validity of the plan of exchange of new securities of the corporation for its debenture bonds, the fact that plaintiff asserts two grounds of invalidity, that the plan was ultra vires the corporation, and because the directors were personally interested in it, does not make two causes of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. § 38.*]

3. ACTION (§ 38*)—SINGLE CAUSE OF ACTION—STOCKHOLDERS' SUIT.

There are not two causes of action because an adjudication of invalidity in a stockholders' suit attacking the validity of a plan of exchange of new securities of the corporation for its debenture bonds, may affect different defendants differently.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. § 38.*]

4. ACTION (§ 48*)—JOINDER OF CAUSES OF ACTION—STOCKHOLDERS' SUIT—TWO CAUSES OF ACTION.

Even if there be more than one cause of action in a stockholders' suit attacking the validity of the plan of exchange of new securities of the

corporation for its debenture bonds, yet as they arise out of the same transaction, or transactions connected with the same subject of action, and all involve the single issue of the validity of the plan, there is no misjoinder.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 490–510; Dec. Dig. § 48.*]

5. ACTION (§ 38*) — SINGLE CAUSE OF ACTION — STOCKHOLDERS' SUIT — TWO CAUSES OF ACTION.

It is immaterial on the question of misjoinder of causes of action in a stockholders' suit, attacking the validity of the plan of exchange of new securities of the corporation for its debenture bonds, how many forms of relief are asked, or that plaintiff has asked for more relief than he will be entitled to in any event.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. § 38.*]

6. CORPORATIONS (§ 189*)—STOCKHOLDERS' SUIT—PARTIES.

If the complaint in a stockholders' suit states a cause of action to which absent parties are not indispensable, it is not demurrable merely because relief is asked which cannot be had without the presence of such parties; so while, in such a suit attacking the validity of the plan of exchange of new securities of the corporation, bonds and stock, for its debenture bonds, plaintiff may not have the stock adjudged void, as asked for, no representative of the stockholders being made a party, yet that will not make the complaint demurrable, the presence of the stockholders not being indispensable to the adjudging of the plan unlawful, and the enjoining thereof so far as not carried out, and an accounting by the directors for their unlawful acts, all of which was asked for.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 719, 720; Dec. Dig. § 189.*]

7. CORPORATIONS (§ 189*)—STOCKHOLDERS' SUIT—PARTIES.

The company which is the depositary of the debenture bonds and the agency for the exchange of securities is a proper, if not a necessary, party to a stockholders' suit attacking the validity of the plan of exchange of new securities of the corporation for its debenture bonds, and in the relief sought asking for injunction.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 719, 720; Dec. Dig. § 189.*]

8. CORPORATIONS (§ 189*)—STOCKHOLDERS' SUIT—PARTIES.

That a company, as registrar, merely countersigned the certificates of stock of a corporation, that the stock might be listed on the stock exchange, is not enough to authorize its being made a defendant to a stockholders' suit attacking the validity of the plan of exchange of new securities of the corporation, including the stock, for its debenture bonds.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 719, 720; Dec. Dig. § 189.*]

Appeal from Special Term, New York County.

Suit by James Pollitz against the Wabash Railroad Company and others. From a judgment overruling demurrers to the complaint, certain defendants appeal. Demurrer of the Metropolitan Trust Company sustained. Demurrers of other defendants overruled.

See, also, 127 N. Y. S. 1140.

This suit was commenced in 1907. It was removed into the Circuit Court of the United States, but was finally remanded. While in the Circuit Court, demurrers interposed by the appellants herein were overruled. This appeal is from an interlocutory judgment, overrul-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing demurrers, interposed on the ground that there is a misjoinder of causes of action, that there is a defect of parties defendant, and that the complaint fails to state a cause of action as to the defendants.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Rush Taggart, for appellants Wabash R. Co., Jeffery, Ottoson, and Pierce.

William C. Trull, for appellants Evans, Pomroy, and Cumming.

J. Aspinwall Hodge, for respondents.

MILLER, J. This is a stockholders' suit, attacking the validity of a plan for the issue of bonds and stock of the Wabash Railroad Company, in exchange for $30,000,000 of debenture bonds, series "a" and "b"; the plan being to exchange for each $1,000 par value of debenture bonds, series "a," $795 of new bonds, $580 preferred stock, and $580 common stock, and for each $1,000 par value of debenture bonds, series "b," $720 of new bonds, $520 of preferred stock, and $520 of common stock.

It is alleged that the plan was agreed upon by the defendant the Wabash Railroad Company and by the defendants Evans, Pomroy, and Cumming, acting as a committee representing the debenture bondholders, and that it was approved at a meeting, called for the purpose, by a majority of the stockholders present and by about 90 per cent. in amount of the outstanding debenture mortgage bondholders present, but against the protest and objection of the plaintiff. It is charged that said new issue is a fictitious increase of stock and bonds, contrary to the constitutions and laws of Missouri, Ohio, Indiana, Michigan, and Illinois, under whose laws the defendant railroad company was organized by the consolidation of other railroad corporations; that the issue of preferred stock was prohibited by the Constitution of the state of Missouri, except upon the consent of all the stockholders; and that several of the defendant directors were owners of the debenture mortgage bonds at the time said plan of exchange was agreed upon as aforesaid. The defendants are the said railroad company, its directors, the said committee of the debenture bondholders, the Bowling Green Trust Company, and the defendants Van Blarcom and Forgan, the trustees named in the trust deed, to secure the new issue of bonds, the Mercantile Trust Company, the registrar of the capital stock of said railroad company, and the United States Mortgage & Trust Company, the depositary agreed upon of the debenture bonds.

It is alleged that the new securities or interim certificates therefor have been delivered to said depositary, and that exchanges have already been made to the amount of more than 90 per cent. of the debenture bonds. The prayer for relief is that the said plan and scheme be adjudged ultra vires the said railroad company, and the said securities, issued pursuant to it, illegal, void, and of no effect; that the defendants the Wabash Railroad Company, the United States Mortgage & Trust Company, the Bowling Green Trust Company, Van

Blarcom, and Forgan, be required to re-excnange said securities; and, in default thereof, that the defendant-directors and the defendant the United States Mortgage & Trust Company be required to restore said securities; and, in the event of their inability to do so, that they be required to pay into the treasury of the said railroad the par value of the said securities, so issued; and, in default of such relief, that they be required to account for the par value of said new securities in excess of the actual market value of the debenture bonds at the time of the exchange; that the defendant, the Mercantile Trust Company, be required to return to the said railroad company all the shares of common and preferred stock, countersigned by it and issued in exchange for debenture bonds, and, in default of such relief, to pay into the treasury of the said railroad company the par value of the common and preferred stock so countersigned. Injunctive relief is also prayed for.

It is asserted that a derivative cause of action, based upon the unlawful act of the directors in acting on behalf of the corporation in a matter in which they were personally interested, is joined with a cause of action in the plaintiff's individual right, based upon an act ultra vires the corporation, but assented to by a majority of its stockholders, and that a stockholder cannot sue on behalf of the corporation to restrain or undo an ultra vires act, assented to by a majority of the stockholders, but that in such case the action should be brought against, not in behalf of, the corporation. The distinguished jurist who delivered the opinion in one of the leading cases on the subject (Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827) undertook to classify the cases in which a stockholder might maintain a suit in equity founded on a right of action, existing in the coporation itself, and in that classification he included the case "where the majority of the shareholders themselves are oppressively and illegally pursuing a course, in the name of the corporation, which is in violation of the rights of the other shareholders, and which can only be restrained by the aid of a court of equity."

The fundamental question involved in this case is the validity of the plan of exchange of the new securities for the debenture bonds. The plaintiff asserts that it was illegal, first, because ultra vires the corporation, and, second, because the directors were personally interested in it. The fact that there are two grounds of invalidity does not make two causes of action, nor does the fact that an adjudication of invalidity may affect different defendants differently. All are interested in that fundamental question, and whatever else may be involved is incidental to it. Even if it be possible to spell out more than one cause of action, they arise out of the same transaction, or transactions connected with the same subject of action, and all involve a single issue, i. e., the validity of the said plan. See Bosworth v. Allen, 168 N. Y. 157–168, 61 N. E. 163, 55 L. R. A. 751, 85 Am. St. Rep. 667; Greene v. Knox, 175 N. Y. 432, and cases cited on page 434, 67 N. E. 910. Very likely the plaintiff has asked for more relief than he will be entitled to in any event; but it is immaterial, on the question now being considered, how many forms of relief are asked. Gotthelf v. Shapiro, 136 App. Div. 1, 120 N. Y. Supp. 210.

It is claimed that there is a defect of parties defendant, in that the holders of the securities, sought to be adjudged void, are necessary parties. Curiously enough, the case was removed to the federal court on the ground that it involved a separable controversy between the plaintiff and the railroad corporation, and, while it was pending in the federal court, the demurrer for insufficiency of the Metropolitan Trust Company, one of the largest holders of the new securities, was sustained.

The court will not adjudge securities void in the absence of the holders of those securities. Osterhoudt v. Board of Supervisors, 98 N. Y. 239. It may be that the trustees, named in the trust deed to secure the new bond issue, represent the holders of the new bonds. Corcoran v. Chesapeake & Ohio Canal Company, 94 U. S. 741, 24 L. Ed. 190; Beals v. Illinois, Missouri, & Texas Railroad Company, 133 U. S. 290, 10 Sup. Ct. 314, 33 L. Ed. 608. But there is no representative of the holders of the new stock, common and preferred. While it is asserted that the acts complained of were ultra vires the corporation, it may turn out that, while unlawful, the new issue was not wholly void. Louisville, N. A. & C. R. Co. v. Louisville Trust Company, 174 U. S. 552, 19 Sup. Ct. 817, 43 L. Ed. 1081. Certainly, the plaintiff cannot have all the relief asked for without the presence either in person or by representation of all parties to be directly affected. However, the presence of the holders of the new securities is not indispensable to the granting of some of the relief prayed for. The said plan may be adjudged unlawful without adjudging the securities, issued pursuant thereto, void. So far as the plan has not been carried out, it may be enjoined, and the presence of other parties is not necessary to an accounting by the defendant directors for their unlawful acts. If the complaint states a cause of action to which absent parties are not indispensable, it is not demurrable merely because relief is asked for which cannot be had without the presence of such parties.

The United States Mortgage & Trust Company, being the depositary of the debenture bonds and the agency for the exchange of securities, is a proper, if not a necessary, party; but no reason appears for making the Mercantile Trust Company a party. The mere fact that, as registrar, it countersigned the certificates of stock in order that the stock might be listed on the Stock Exchange, is not sufficient reason to justify bringing it into court as a defendant. It is alleged that it co-operated and confederated with the other defendants in carrying out said illegal plan; but it appears from the complaint that the extent of its co-operation was to countersign the certificates as aforesaid. We think that more than that should be alleged to justify a suit against a mere registrar or transfer agent.

The demurrer of the Mercantile Trust Company should be sustained, with costs, and with leave to plaintiffs to amend complaint on payment of costs in this court and in the court below; and the demurrers of the other appellants should be overruled, with costs, with leave to withdraw demurrers and to answer on payment of costs in this court and in the court below. All concur.