STATE ex rel RINEHART et al, Plaintiffs, v. MISER, Circuit Judge, Defendant.

(195 N. W. 510.)

(File No. 5441.   Opinion filed October 18, 1923.)

1.  **Jury—Corporations—Pleading—Demurrer—Jury Trial of Action Against Corporation Directors for Losses and Accounting Held Properly Denied.**

In an action against corporation directors for negligence, mismanagement, etc., and for an accounting, where the court, by overruling a demurrer, held, that the complaint stated a cause of action in equity, a jury trial was properly denied, notwithstanding an order reciting plaintiff's election, on defendant's demand, to try the issues solely as a tort action, as there was no occasion for election.

2.  **Execution—Body Execution—Rights of Parties Respecting Body Execution Not Prejudiced by Prior Proceedings.**

Where complaint was held to state cause of action in equity and there was no occasion for plaintif's election to try action as tort action, recitals as to such election in order denying jury trial, or opinion in proceedings to prohibit trial by court, held not to prejudice rights of either party as to execution against the person, under Rev. Code 1919, Sec. 2636.

Original prohibition action by the state on the relation of Orville V. Rinehart and others, against Walter G. Miser, as Judge of the Circuit Court of the Seventh Judicial Circuit. Alternative writ quashed, and proceeding dismissed.

*Buell, Denu & Philip, H. F. Fellows,* and *George E. Flavin,* all of Rapid City, for Plaintiffs.

*Schrader & Lewis,* of Rapid City, for Defendant.

Defendant cited: Bosworth v. Allen, 168 N. Y. 157; Ventrees v. Wallace (Miss.), 71 So. 636; L. R. A. 1917A, 971; Robinson v. Smith, 3 Paige, N. Y. 222; Neal v. Hall, 16 Cal. 146; Emerson v. Gaither, 103 Md. 564, 7 Ann. Cas. 111; Hodges v. New England Screw Co., 1 R. I. 312, 59 Am. Dec. 624; Fisher v. Parr, 92 Md. 245; Williams v. McKay, 40 N. J. Eq. 189; Citizens Loan Assn. v. Lyon, 29 N. J. Eq. 110; Robinson v. Hall et

al, 65 Fed. 222; Briggs, Receiver, v. Spaulding, 141 U. S. 132, 35 L. ed. 662; U. S. Gas Co. v. Harwood, 216 Mass. 474; 103 N. E. 1037; Horn Silver Min. Co. v. Ryan, 42 Minn. 191; Storey Eq. Juris., Sec. 964; 28 Am. & Eng. Enc. Law, 2d Ed. 58; Cook on Corporations, 5th Ed., Sec. 648; Clark on Corporations, 515; 16 Cyc. 41; 7 R. C. L. 487; Williams v. Ewing, 81 Ark. 220; Besser v. Bryan (N. C.), 98 S. E. 743; Haydon v. Thomson, 71 Fed. 60; Allen v. Luke et al, 141 Fed. 604; Warren v. Para Rubber Shoe Co., 79 Me. 440, 10 Atl. 250; Thompson v. Greely, 107 Mo. 577, 17 S. W. 962; Merchants Bank v. Jeffries, 21 W. Va. 504; Dowd v. Wis. P. & S. Ry. Co., 65 Wis. 112, 25 N. W. 533; North Hudson Mut. Bldg. Assn. v. Childs et al, 82 Wis. 460, 52 N. W. 600; Crown v. Brainard, 57 Atl. 625; Luther v. C. J. Luther Co., 118 Wis. 112, 94 N. W. 69, 99 A. S. R. 977.

GATES, J.   In May, 1921, the Dacotah Packing Company brought an action against Orville V. Rinehart, Hubbard F. Fellows, and John L. Burke as its sole directors for losses incurred on account of their alleged gross negligence, mismanagement, conspiracy, and fraud in conducting the company's affairs, in which action an accounting was sought and a judgment for $170,000 demanded.   The defendants answered.   In June, 1923, defendants were given permission to withdraw their answer for the purpose of demurring to the complaint.   On the hearing the court overruled the demurrer, required the defendants to answer within one day, and set the case for trial by the court without a jury on June 25.   Defendant asked for a jury trial, which was denied.   On June 23, upon the application of said defendants, this court issued an alternative writ of prohibition directed to the circuit judge of the seventh judicial circuit in which he was required to show cause on July 10 why he should not be prohibited from proceeding with the trial of the action above described.   By stipulation the hearing thereon was continued until October 5, when the matter was heard.

[1]   The defendant herein, the circuit judge, contends that the complaint sets forth a cause of action in equity, and therefore that the defendants in the action hereinbefore described have no right to a jury trial.   Pomeroy, Eq. Juris. §§ 1090, 1094; Story, Eq. Juris. § 964; 7 R. C. L. 473; Bosworth v. Allen, 168 N. Y. 157, 61 N. E. 163, 55 L. R. A. 751, 85 Am. St. Rep. 667.   Plain-

tiffs herein concede that such is the rule, but that the rule is inapplicable here because of the election of the plaintiff in that case to treat the case solely as a tort action as disclosed by the following order made by the trial court on June 21, 1923:

"* * * The defendants having thereupon and in open court demanded of the court and of the plaintiff to know and to be informed of the nature of this action and upon what theory the plaintiff intended to proceed and to rely upon at the trial of this action, and the court having thereupon stated that all of the causes of action contained in the said complaint were based upon tort and would be so considered by the court upon a trial thereof and upon the rendition of any judgment which might be rendered adversely to the defendants, and the plaintiff upon such demand and inquiry having stated in open court that they would rely at the trial of this action upon the allegations of tort contained in the complaint and would try the action and the issues set forth in plaintiff's complaint upon the theory of and solely as a tort action and at the time of and upon the election by the plaintiff to try this action and the causes of action set forth in the complaint upon the theory and solely as a tort action and at the time of the said statement of the court, the defendants and each of them did thereupon duly move the court that this action be tried by a jury, and did duly move that the issues be submitted to a jury upon the trial of this cause; and the court thereupon stated that the issues involved would not be submitted to a jury without the consent of the plaintiff; and, the plaintiff having thereupon in open court refused to consent to the trial of this action by a jury, and having refused to consent that the issues involved herein be submitted to a jury, the court then stated that the trial of this action would be had without a jury and by the court on Monday, June 25th, 1923, at 10 o'clock a. m.

"Now, therefore, it is hereby ordered that defendant's application and motion for a trial of this action by jury and that the issues herein be submitted to a jury be, and the same is hereby, in all things denied; and it is further ordered that the trial of this action be had by the court without a jury on Monday, June 25, 1923, at 10 o'clock a. m."

[2] There was no occasion for an election. There was no right of the defendants in that case to demand an election. There

was nothing to elect. The demurrer to the complaint had been overruled. The court thereby held that the complaint stated a cause of action, thereby necessarily holding that the cause was one triable to the court without a jury. We hold that the portions of the above-recited order showing that the plaintiff therein and the court elected to try the issues therein solely as a tort action were surplusage and without effect. We presume that the object of the defendants in that case in making such demand for an election was to then obtain an intimation as to whether the case was such that in the event of a judgment against them an execution against the persons of the defendants might be issued. Rev. Code 1919, § 2636. That bridge may be crossed when it is reached. Neither the above-recited order nor this opinion will prejudice the rights of either of the parties on that question.

The alternative writ of prohibition is quashed, and the proceeding dismissed.

Note.—Reported in 195 N. W. 510. See, Headnote (1), American Key-Numbered Digest, Jury. Key-No. 14(3), 24 Cyc. 111, 114; (2) Execution, Key-No. 423, 23 C. J. Sec. 1104, (1924 Anno.).