Chief Judge Fuld.
This is a stockholder’s derivative action on behalf of the Lionel Corporation. In Matter of Caplan v. Lionel Corp. (14 N Y 2d 679, affg. 20 A D 2d 301), Defiance Industries, Inc., the defendant before us, was held to have illegally sold control of the board of directors of Lionel to A. M. Sonnabend. Defiance accomplished the illegal transfer by influencing its nominees on the Lionel board to resign and by causing the board to elect Sonnabend nominees in their place, even though Defiance did not hold or transfer to Sonnabend voting control of the Lionel stock. The evidence established that Defiance had previously acquired control of the Lionel board of directors in like manner from Roy M. Cohn.
After this court had rendered its decision in the Caplan case (14 N Y 2d 679, affg. 20 A D 2d 301, supra), the plaintiff in the present action sought, and the court at Special Term granted, partial summary judgment in favor of Lionel and against Defiance for “ the illegal profit ” which the latter had made on the sale of control (N. Y. L. J., June 17, 1964, p. 13, col. 8 [per Sarafite, J.], affd. 23 A D 2d 630, mot. for lv. to app. dsmd. 15 N Y 2d 1031). The order (granting summary judgment) directed that an assessment of damages be had before a referee to hear and report the amount of such illegal profit and, upon such reference, Defiance’s illegal gain was found to be $415,000. The Justice at Special Term confirmed the referee’s report and the resulting judgment was affirmed by a closely divided Appellate Division. On the present appeal from that determination, the defendant, not contesting the grant of summary judgment, urges that it made no profit on the sale and that, consequently, no damages should have been assessed against it.
As correctly held below, the defendant Defiance is accountable for the total amount received for the illegal sale to Sonnabend less the value of any property or securities which the former *408 transferred to the purchaser. (See, e.g., Bosworth v. Allen, 168 N. Y. 157,166-167; McClure v. Law, 161 N, Y. 78, 80-81; Gerdes v. Reynolds, 28 N. Y. S. 2d 622, 658-659, 660-661.) The initial cost to the defendant—that is, what it originally paid Cohn to acquire the control illegally transferred — is not material; that amount may not enter into the computation of the defendant’s profit on the resale.
In applying this formula for determining profit, however, the courts below committed error, as matter of law, in bolding that the sum received by the defendant for the sale of control included $135,000, the face amount of a six-month promissory note given by Sonnabend, the purchaser, as part of the consideration. The note was subject from its inception to the defense of illegality and was, in point of fact, dishonored on its due date for that very reason. Indeed, it has not been paid and, quite obviously, never will be. As is apparent, the defendant derived no profit or benefit from the Sonnabend note, except insofar as it was used as partial collateral—for six months—for a bank loan; when it was dishonored, the defendant replaced it with cash collateral. In short, then, the plaintiff was not entitled to recover the entire sum of $135,000, since the only benefit realized by the defendant from the note was the amount of the interest it would have had to pay, at its borrowing rate (as indicated by the record) of 5%%, for the six-month loan of an equivalent sum. This amounts to $3,712.50, for which the defendant is accountable. To that sum must, of course, also be added the amount of $280,000 which the defendant received in cash from the purchaser, making a total of $283,712.50, instead of the $415,000 awarded below.
We cannot, however, accept the defendant’s claim that it should have been allowed a setoff for two nonnegotiable, non-interest-bearing notes of Cohn in the total face amount of $281,875, which it had transferred to Sonnabend along with the control of Lionel. The notes had been received by Defiance (through a merged subsidiary) in connection with its own acquisition of control of the board of directors of Lionel from Cohn. The referee found that those notes—which, so far as the record discloses, have not been paid — should be accorded no value. His findings of fact, supported as they are by substantial evidence and affirmed by the courts below, are beyond our review. (CPLR *409 5501, subd. [b]; see Cohen and Karger, Powers of the New York Court of Appeals, pp. 449-455.)
The order appealed from should be modified by reducing the amount of the damages awarded the plaintiff to $283,712.50 and, as so modified, affirmed, with costs to the appellant.
Judges Burke, Scilbppi, Bergan, Keating and Jasen concur; Judge Breitel taking no part.
Order modified in accordance with the opinion herein and, as so modified, affirmed, with costs to appellant against plaintiff-respondent.